## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff* <br><br> v. <br><br> HENRY ABDUL <br><br> *Defendant.* | Crim. Action No.: 3:18-cr-00480 <br><br> **MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION** |

**WHEREAS,** Henry Abdul ("Defendant" or "Abdul") brings this *pro se* Motion for a Sentence Reduction (compassionate release) under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 37). He is incarcerated at FCI Allenwood Low, (*id.* at 2), and his projected release date is April 23, 2023, (ECF No. 39 at 2). Oral argument was held on April 26, 2022.[1]

**WHEREAS,** Abdul is serving a sentence of twenty-four months and two days in prison. (ECF No. 35 at 2). He pled guilty on August 15, 2018 to conspiracy to commit bank fraud, 18 U.S.C. § 1349, and aggravated identity theft, 18 U.S.C. §§ 1028A(a) and 2. (*Id.* at 1). Using a credit card hijacking scheme, Abdul and his co-conspirators stole a total of $247,305.42, and Abdul alone stole

an additional $9,482.85. (PSR at ¶¶16-17, 19, 26). A total of fifty credit card accounts were hijacked. (*Id.* at ¶¶19, 26).

**WHEREAS,** Abdul's offense level was 18, (*id.* at ¶68), and he had a criminal history category of III, (*id.* at ¶76); he faced a sentence of 57 to 65 months in prison, (*id.* at ¶120). Notably, Abdul committed the instant offense while on probation for a February 2015 theft by deception conviction. (*Id.* at ¶¶73, 76).

**WHEREAS,** it is well-settled that there is a three-part standard to determine whether to modify a sentence. In sum, the three parts are: (1) exhaustion of remedies; (2) extraordinary and compelling reasons; and (3) assuming part (2) is shown, whether the sentencing factors under 18 U.S.C. § 3553(a) weigh against modification. 18 U.S.C. § 3582(c)(1)(A); *United States v. Claude*, 16 F.4th 422, 426 (3d Cir. 2021).

**WHEREAS,** Abdul submits that extraordinary and compelling reasons justify a reduction in sentence. Specifically, he argues that his asthma – for which he was previously hospitalized –, pre-diabetes, obesity,[2] and prior infection with tuberculosis place him at an increased risk of complications from COVID-19. (ECF No. 37 at 4-5). Abdul further submits that he has had trouble obtaining nebulizer and allergy treatments while in prison. (*Id.* at 5). He adds that the fear

of a possible COVID-19 infection has made his incarceration especially challenging, although he admits he is willfully unvaccinated.[3] (*Id.* at 6-7).

**WHEREAS,** Abdul argues the 3553(a) factors weigh in favor of a sentence reduction because he has accepted responsibility for his crimes, successfully complied with the conditions of his pre-trial release, incurred zero disciplinary infractions while incarcerated, and lastly, has reconsidered his criminality while incarcerated and separated from his elderly parents and young child. (*Id.* at 7-9).

**WHEREAS,** the warden of FCI Allenwood Low denied Abdul's request for compassionate release on October 24, 2022. (ECF No. 37-1 at 1). Abdul has therefore exhausted his administrative remedies and satisfied the first prong required for a sentence reduction.[4]

**WHEREAS,** Abdul's obesity, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (last visited May 5, 2022), and asthma may place him at an increased risk for severe illness from COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited May 5, 2022). However, Abdul has refused to be vaccinated. (Gov't Ex. 1 at 68). Therefore, Abdul has voluntarily "forgo[ne] a powerful protection against illness," which weighs against release. *United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr 20, 2022). Further, "the mere

existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prison's] statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).[5]

**WHEREAS,** Abdul's prison medical records suggest that his health conditions, while challenging at times, are otherwise stable and adequately treated. (Gov't Ex. 1 at 1-14). As such, Abdul has not demonstrated extraordinary and compelling circumstances justifying a sentence reduction.[6]

**WHEREAS,** even if Abdul demonstrated extraordinary and compelling circumstances, the 3553(a) factors weigh against a reduction in sentence. Abdul's instant offense was his third conviction for some form of theft or fraud, and he boldly began the credit card takeover scheme while on probation for a state theft by deception conviction. (PSR at ¶¶71, 73, 75). As such, the history of this defendant weighs against a sentence reduction, and there remains a need to deter this defendant from future criminal conduct. 18 U.S.C. § 3553(a)(1), (2)(B). Moreover, Abdul received the benefit of a generous plea agreement from the government – he was sentenced to less than half of the term of imprisonment he faced under the Sentencing Guidelines, (ECF No. 39 at 10) – and further, Abdul has only served approximately one year of his two-year sentence. As such, a

sentence reduction would not "reflect the seriousness of the offense." 18 U.S.C. §
3553(a)(2)(A).

IT IS on this __16__ day of __May__ 2022,

ORDERED that Defendant's motion for sentence reduction, (ECF No. 37),
is denied.

_____
PETER G. SHERIDAN, U.S.D.J.

---

[1] Following oral argument, Abdul filed a supplemental brief without leave of the Court. (ECF
No. 44). The Court has reviewed the filing and has determined that none of the arguments are
persuasive in light of the sentencing factors weighing against a sentence reduction.

[2] Abdul has a BMI of 38.3, and as of August 2021 stood at 5' 8" and weighed 252 lbs. (Gov't
Ex. 1 at 24-25).

[3] Abdul claims he is unvaccinated based on the advice of his physician, but that is dubious in
light of his reply brief, in which he says he will receive the vaccine if he is released from prison.
(ECF No. 40 at 2).

[4] At oral argument, Abdul claimed the Bureau of Prisons was denying him release because of his
immigration status, but he did not have any proof of this.

[5] With respect to the current conditions at FCI Allenwood Low, the facility is currently under
"Level 3" operations, https://www.bop.gov/locations/institutions/alf/ (last visited May 5, 2022),
which means that because of elevated transmission rates, the facility is mandating the most
stringent measures to prevent COVID-19 transmission,
https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited May 5,
2022).

[6] At oral argument, Abdul claimed his inhalers for his asthma were running low, but his medical
records reflect that he has received refills of his inhalers, *e.g.* (Gov't Ex. 1 at 19), and Abdul did
not claim the Bureau of Prisons had denied him his inhaler or his prescribed medication.